```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

RAKESH DIXIT,                  )
            Plaintiff,         )
                               )
       v.                      ) C.A. No.  05-10379-JLT
                               )
CORE, INC.,                    )
            Defendant.         )
```

### MEMORANDUM AND ORDER

For the reasons stated below, 1) the Plaintiff's application to proceed without prepayment of fees is Denied without prejudice;  2) Plaintiff is directed to pay the $250.00 filing fee applicable for civil actions[1], within thirty-five (35) days of this Memorandum and Order. In the alternative, Plaintiff may renew her Application to Proceed Without Prepayment of Fees, by filing a renewed request, accompanied by a more comprehensive Financial Disclosure, as set forth below; and 3) Plaintiff's Motion for Appointment of Counsel is Denied without prejudice.

No summons shall issue at this time, pending Plaintiff's compliance with this Memorandum and Order with respect to the filing fee issues.

### FACTS

On February 23, 2004 Plaintiff Rakesh Dixit filed a three

---

[1] The filing fee for civil actions increased from $150.00 to $250.00 effective February 7, 2005. See Section 307 of The Omnibus Appropriation Act for 2005 which increases the statutory fee prescribed under 28 U.S.C. 1914(a).

page handwritten complaint against her employer, Core, Inc., alleging violations of the Americans with Disabilities Act, Discrimination in Employment Act, and the Equal Pay Act. Accompanying her complaint was an "right to sue" letter from the EEOC, dated December 2, 2004, a motion for appointment of counsel, and an application to proceed without prepayment of fees.

The complaint alleges that Plaintiff is a woman of Indian origin and began working for the defendant in September 2002. She alleges that from the onset of her employment she was subjected to harassment by both superiors and employees, which created a hostile work environment. She also claims she was subjected to gestures and noises of a sexual nature. She complained to the Human Resources department but her complaint was dismissed. In January 2003 Plaintiff was laid off and the department in which she worked was relocated to Maine. Plaintiff requested a less desirable position within the company, but this request was rejected. Plaintiff alleges that as a result of this negative work environment, she suffers from depression, CFS, PTSD and financial and psychological distress.

## ANALYSIS

I. The Court May Screen this Action

Because Plaintiff seeks to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review the complaint to determine if it satisfies the substantive requirements of the federal *in forma pauperis* statute. See 28 U.S.C. §1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

II. Plaintiff is allowed to proceed with her complaint.

Although Plaintiff's Complaint does not technically comport with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the Plaintiff shall be permitted to proceed with this action, provided she complies with the directives concerning the filing fee as discussed herein.

Rule 8(a) requires a plaintiff to include in her complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002). Recognizing that *pro se* complaints must be liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), the complaint, combined with the attached "right to sue" letter of the EEOC, meets the minimum threshold pleading requirements. The complaint, taken as a whole, establishes a federal cause of action and provides the defendant a sufficient basis to formulate a meaningful response to the complaint as it stands. Moreover, it appears that Plaintiff has timely filed this action, both in terms of the date of occurrence, and in the filing of suit within 90 days after the EEOC's final decision.

   III. <u>Plaintiff Application to Proceed in forma pauperis</u>

In her Application to Proceed Without Prepayment of Fees, Plaintiff indicates she has been unemployed since March 2004, at which time she earned approximately $36,000 per year.

She currently receives $1199.00 in SSDI payments per month. She indicates she owns a car valued at 250.00, and has a bank account with a balance of approximately $11,000. Plaintiff also indicates that she and her husband own a home, however, she does not provide any information concerning the equity in that home. She states that their mortgage payment is approximately $1000.00 per month.

In light of the above, this Court finds that at this time Plaintiff has not made a sufficient showing to demonstrate that she is without funds to pay the filing fee. On these facts, she simply does not present the type of indigent litigant that 28 U.S.C. §1915 contemplates. Accordingly Plaintiff's Application to proceed *in forma pauperis* is denied, and she is directed to pay the $250.00 within thirty-five (35) days.

Alternatively, within the thirty-five (35) day time period, Plaintiff may renew her Application upon the filing of a renewed request, accompanied by a detailed Financial Disclosure, including specific information concerning the real estate owned by Plaintiff and her husband, the value of such property, and the current equity owned by Plaintiff and her husband.  Plaintiff shall also disclose whether she possesses any credit cards, along with the balance owed and credit

5

limits, in order for this Court to determine whether charging the filing fee to her credit card is a viable option, in the event that Plaintiff's assets cannot be readily liquified.[2]

Additionally, in considering an application to waive the filing fee, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend."" Fridman v. The City of New York, 195 F. Supp. 534, 537(S.D.N.Y. 2002) quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted). Therefore, since this Court may consider the assets of a supporting spouse in determining whether a litigant is entitled to *in forma pauperis* status, if Plaintiff seeks to renew her request, she shall provide financial disclosures of her husband as well.

   IV. Plaintiff's motion for appointment of counsel.

Under §1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C.

---

[2]The Clerk's Office accepts payment of the filing fee through credit cards. Thus, even if Plaintiff cannot readily produce the filing fee, she may have a viable option of charging the fee to her credit card, and make payments to that credit company in installments. Such financial arrangement may ameliorate any draconian effect the imposition of the entire $250.00 filing fee might have on the Plaintiff.

§1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel[3]. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>Id</u>. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. <u>Id</u>. at 24 (citations omitted).

In accordance with this standard Plaintiff's request for counsel is denied. While Plaintiff's ability to pay for counsel may constitute a genuine issue, this case fails to present the kind of exceptional circumstance warranting appointment of counsel.

<u>CONCLUSION</u>

---

[3]There is no authority for this court to pay for counsel appointed to civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to voluntarily accept an appointment. (<u>Cf</u>., 18 U.S.C. §3006A, appointment of counsel in habeas petitions under 28 U.S.C. §2241, §2254 and motions under §2255).

ACCORDINGLY, for the reasons stated herein, it is hereby

ORDERED:

1. Plaintiff's motion to proceed without prepayment of fees is Denied without prejudice;

2. Plaintiff shall either pay the $250.00 filing fee within thirty-five (35) days, or alternatively she may file a renewed request to waive the filing fee, provided that such request is accompanied by the detailed financial information as set forth in this Memorandum and Order;

3. Plaintiff's motion for appointment of counsel is Denied without prejudice;

4. No summonses shall issue pending resolution of the filing fee issues.

Dated: March 2, 2005          /s/ Joseph L. Tauro
                              JOSEPH L. TAURO
                              UNITED STATES DISTRICT JUDGE